PER CURIAM.
Robert Carneal, Sr., (“the former husband”), petitions for a writ of prohibition to prevent the trial court from conducting a hearing relating to the sale of a marital residence which is the subject of a pending appeal in this court. Because the trial court has done nothing except schedule a hearing at the request of a litigant, we deny the petition.
A hearing was scheduled for April 5, 2004, at the request of the former wife, to hear arguments on her “Motion for Enforcement of Final Judgment Regarding Refinancing of Former Marital Residence.” Although counsel for the former husband informed the trial court that a matter related to the scheduled motion had been appealed, the trial court indicated that the hearing would take place. The former husband then filed this petition and this court entered an order to show cause which operated as a stay of the enforcement proceedings.
The rule limiting trial court jurisdiction pending an appeal provides:
Rule 9.600. Jurisdiction of Lower Tribunal Pending Review
(a) Concurrent Jurisdiction. Only the court may grant an extension of time for any act required by these rules. Before the record is transmitted, the lower tribunal shall have concurrent jurisdiction with the court to render orders on any other procedural matter relating to the cause, subject to the control of the court.
(b) Further Proceedings. If the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal.
(c) Family Law Matters. In family law matters:
(1) The lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, attorneys’ fees and costs for services rendered in the lower tribunal, temporary attorneys’ fees and costs reasonably necessary to prosecute or defend an appeal, or other awards necessary to protect the *564 welfare and rights of any party pending appeal.
(2) The receipt, payment, or transfer of funds or property under an order in a family law matter shall not prejudice the rights of appeal of any party. The lower tribunal shall have the jurisdiction to impose, modify, or dissolve conditions upon the receipt or payment of such awards in order to protect the interests of the parties during the appeal.
(3) Review of orders entered pursuant to this subdivision shall be by motion filed in the court within 30 days of rendition.
Fla. R.App. P. 9.600.
The trial court retains limited jurisdiction to enter and enforce orders in family matters pursuant to rule 9.600, Florida Rules of Appellate Procedure. The mere scheduling and conducting of a hearing on family law matters is contemplated by the rule and until the trial court renders an order, this court has no record, and therefore, no way to determine whether an action by the trial court exceeds its jurisdiction. We cannot speculate as to the future action of the trial court. For example, the trial court could deny the motion made by the former wife because of the pending appeal or take other action that would not overlap[1] the issues on the appeal pending before this court. The former husband’s petition is premature and we must deny it.
PETITION DENIED.
PETERSON, R.B. ORFINGER and MONACO, JJ., concur.

. See Merian v. Merhige, 690 So.2d 678 (Fla. 3d DCA 1997) and Johnson v. Ferguson, 383 So.2d 715 (Fla. 3d DCA 1980) for construction of rule 9.600 and an explanation of loss of jurisdiction by a trial court when issues on a pending appeal overlap an action contemplated by a trial court.