917 So.2d 1020 (2006)
PPI, INC., a Florida corporation; Dania Jai-Alai Division of the Aragon Group, Inc., a Florida corporation; Magna Entertainment Corp., a Florida corporation; and Hartman & Tyner, Inc., a Michigan corporation, Petitioners,
v.
FLORIDA DEPARTMENT OF BUSINESS & PROFESSIONAL REGULATION, DIVISION OF PARI-MUTUEL WAGERING, a political subdivision of agency of the State of Florida, and Ellyn Setnor Bogdanoff, a State Representative, Respondents.
No. 1D05-2699.
District Court of Appeal of Florida, First District.
January 6, 2006.
*1021 Talbot D'Alemberte, Barry R. Davidson, Thomas R. Julin and Jamie L. Zysk of Hunton & Williams, LLP, Miami; Cynthia S. Tunnicliff of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee; and Bruce S. Rogow, Beverly A. Pohl and Cynthia E. Gunther of Bruce S. Rogow, P.A., Ft. Lauderdale, for petitioners.
Major B. Harding and Richard E. Doran of Ausley & McMullen, Tallahassee; and Leon Biegalski, General Counsel, and Joseph M. Helton, Jr., Chief Attorney, Tallahassee, for respondent Department of Business and Professional Regulation, Division of Pari-mutuel Wagering.
PER CURIAM.
Petitioners seek prohibition relief to prevent the Department of Business and Professional Regulation, Division of Pari-mutuel Wagering ("the Division"), from responding to a petition for declaratory statement from State Representative Ellyn Bogdanoff ("the Bogdanoff petition"). We deny the petition for writ of prohibition because the Division has not exceeded its jurisdiction.
Section 120.565(1), Florida Statutes (2005), states that any substantially affected person "may seek a declaratory statement regarding an agency's opinion as to the applicability of a statutory provision, or of any rule or order of the agency, as it applies to the petitioner's particular set of circumstances." Thus, the Division has jurisdiction to respond to the Bogdanoff petition for declaratory statement. See J.A. Jones Constr. Co. v. Department of Gen. Servs., 356 So.2d 863 (Fla. 1st DCA 1978) (denying prohibition relief where the petition did not show that an agency order had been entered); Carneal v. Carneal, 873 So.2d 562 (Fla. 5th DCA 2004) *1022 (denying a petition for writ of prohibition where the trial court merely scheduled a hearing and there was no action from which to determine whether the lower tribunal exceeded its jurisdiction). Pursuant to section 120.565(3), the Division has the authority to deny the request for a declaratory statement.
The Bogdanoff petition requests that the Division issue a final order "stating that Article X, Section 23 of the Florida Constitution is of no force or effect until the Florida Legislature enacts implementing legislation" and that the Division has the right to take disciplinary action against any Licensee that possesses or operates a slot machine at its pari-mutuel facility. "The purpose of a declaratory statement is to address the applicability of a statutory provision or an order or rule of the agency in particular circumstances." Chiles v. Department of State, Div. of Elections, 711 So.2d 151, 154 (Fla. 1st DCA 1998). We note that section 120.565(1) does not authorize an agency to construe a constitutional amendment. "[T]he Administrative Procedure Act ... is not the appropriate mechanism by which to determine the meaning of ambiguous constitutional terms." Myers v. Hawkins, 362 So.2d 926, 928 (Fla.1978). Although the Bogdanoff petition asks the agency to declare that the constitutional amendment is of no force and effect until implementing legislation has been adopted, the Division has the authority to deny the request for a declaratory statement pursuant to section 120.565(3). Petitioners have the right to file a motion to intervene in the declaratory statement action, make their arguments for lack of jurisdiction and if unsuccessful, raise the issue on appeal. See National Ass'n of Optometrists and Opticians v. Florida Dep't of Health, 893 So.2d 608 (Fla. 1st DCA 2005). Although prohibition will lie to prevent an inferior tribunal from acting in excess of jurisdiction, it generally will not lie to prevent an erroneous exercise of jurisdiction. See English v. McCrary, 348 So.2d 293 (Fla.1977) (stating that prohibition will be invoked only in emergency cases to forestall an impending present injury where there is no other appropriate and adequate legal remedy).
PETITION DENIED.
BARFIELD, VAN NORTWICK, and BROWNING, JJ., concur.