922 So.2d 1060 (2006)
NATIONAL ASSOCIATION OF OPTOMETRISTS AND OPTICIANS, Appellant,
v.
The FLORIDA DEPARTMENT OF HEALTH, FLORIDA BOARD OF OPTOMETRY, Appellee. and
Wal-Mart Stores, Inc., Appellant,
v.
The Florida Department of Health, Florida Board of Optometry, Appellee.
Nos. 1D05-2578, 1D05-2645.
District Court of Appeal of Florida, First District.
March 14, 2006.
*1061 Ronald A. Labasky, Esq. and John T. LaVia, III, Esq. of Young Van Assenderp, P.A., Tallahassee for the National Association of Optometrists and Opticians; John C. Taylor, Jr., Esq. and Rhonda B. Boggess, Esq. of Taylor, Day & Currie, Jacksonville for Wal-Mart Stores, Inc., for Appellants.
Charlie Crist, Attorney General; A. Mireille Fall, Assistant Attorney General; Lee Ann Gustafson, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
In these consolidated appeals, appellants, the National Association of Optometrists and Opticians ("NAOO") and Wal-Mart Stores, Inc. ("Wal-Mart"), appeal a declaratory statement issued by appellee, the Florida Board of Optometry ("Board"), in response to an amended petition for declaratory statement filed by Dr. Victoria Haines, an optometrist. Appellants raise two issues on appeal. They first argue that the Board exceeded its authority in issuing the declaratory statement because the statement did not apply to Dr. Haines' particular set of circumstances. Because we agree with this argument, we reverse the Board's Final Order. As a result of this disposition, we need not reach appellants' second argument on appeal.
In August 2004, Dr. Haines, who had leased space from Wal-Mart for her optometry practice for ten years, filed a petition for declaratory statement, explaining that she was contemplating signing a new lease agreement with Wal-Mart and was uncertain about whether various lease provisions were consistent with Florida Administrative Code Rule 64B13-3.008. Wal-Mart filed a motion to intervene, which the Board granted. The Board also granted NAOO's amended motion to intervene.
In January 2005, Dr. Haines filed an amended petition for declaratory statement, listing sixteen provisions in the lease agreement that she wanted the Board to address in relation to section 463.014, Florida Statutes, and rule 64B13-3.008. Dr. Haines later withdrew ten provisions from consideration. The six remaining provisions addressed a business plan, opening for business, coverage hours, advance notice requirements, coverage when out of the office, and designated holidays. With respect to the opening for business provision, Dr. Haines noted that the lease agreement provided that Wal-Mart could terminate the agreement if she failed to open for business on time. Dr. Haines noted, however, that she was already open for business. With respect to the other provisions at issue, Dr. Haines explained that after filing her initial petition for declaratory statement and during the time she was drafting her amended petition, Wal-Mart provided her with an updated lease agreement that did not contain the provisions at issue. According to Dr. Haines, the changes were purportedly the result of the parties' discussions. Dr. Haines explained that she was uncertain whether a subsequent agreement would contain the provisions.
During the Board's general business meeting addressing this issue, Dr. Haines' counsel stated, "We have the right to negotiate *1062 with others, and these issues will come up." Later, counsel stated, "[W]e are not talking about Wal-Mart per se. What we are saying is: As we enter into this negotiation, as we go to find an appropriate lease, these are the kinds of things that we will confront in a marketplace for a lease. Give us guidance and tell us how to do it."
In the Final Order, the Board made no mention that the provisions at issue were absent from the updated lease agreement. Instead, it set forth that the lease contained the provisions. The Board concluded that "under the specific facts of the petition, as set forth above, the provisions described violate § 463.014 and Rule 64B13-3.008(2)(3)(5)(9)(10) and (15) by permitting a corporation to exercise control over various aspects of Petitioner's practice of optometry." These appeals followed.
Section 120.565, Florida Statutes (2004), provides in part:
(1) Any substantially affected person may seek a declaratory statement regarding an agency's opinion as to the applicability of a statutory provision, or of any rule or order of the agency, as it applies to the petitioner's particular set of circumstances.
(2) The petition seeking a declaratory statement shall state with particularity the petitioner's set of circumstances and shall specify the statutory provision, rule, or order that the petitioner believes may apply to the set of circumstances.
Rule 28-105.001 of the Florida Administrative Code provides:
A declaratory statement is a means for resolving a controversy or answering questions or doubts concerning the applicability of statutory provisions, rules, or orders over which the agency has authority. A petition for declaratory statement may be used only to resolve questions or doubts as to how the statutes, rules, or orders may apply to the petitioner's particular circumstances. A declaratory statement is not the appropriate means for determining the conduct of another person or for obtaining a policy statement of general applicability from an agency. A petition for declaratory statement must describe the potential impact of statutes, rules, or orders upon the petitioner's interests.
In accordance with both the statute and rule, we have explained that the purpose of a declaratory statement is to address the applicability of a statutory provision or an order or rule of an agency in particular circumstances. See Chiles v. Dep't of State, Div. of Elections, 711 So.2d 151, 154 (Fla. 1st DCA 1998). A party who obtains a statement of an agency's position in a declaratory statement may avoid costly administrative litigation by selecting the proper course of action in advance. Id.; see also Gopman v. Dep't of Educ., State of Fla., 908 So.2d 1118, 1123 (Fla. 1st DCA 2005) (quoting Novick v. Dep't of Health, Bd. of Med., 816 So.2d 1237, 1240 (Fla. 5th DCA 2002), for the proposition that "[t]he purpose of a declaratory statement is to allow a petitioner to select a proper course of action in advance").
Although the Board argues that Dr. Haines was planning in advance by seeking a declaratory statement, it is undisputed that the provisions at issue were not included in Wal-Mart's updated lease agreement. Thus, Dr. Haines' particular set of circumstances did not include the lease provisions. While a declaratory statement may be used by a petitioner to select a proper course of action in advance, this rule contemplates a situation such as the one Dr. Haines initially faced when the lease agreement contained the provisions at issue. At that point, Dr. Haines was *1063 unsure of whether she could agree to the terms. Rather than signing the agreement and potentially being faced with administrative litigation for violating the pertinent statutes and rules, Dr. Haines had the opportunity, which she took advantage of, to seek guidance from the Board. In other words, at that point, there was a reason why Dr. Haines had to select a course of action. Once Wal-Mart deleted the provisions at issue from the lease agreement, Dr. Haines was no longer faced with the possibility of administrative litigation for violating the law. Although Dr. Haines' counsel argued below that the declaratory statement was necessary so that Dr. Haines could use it for negotiation purposes with respect to future leases, neither section 120.565 nor rule 28-105.001 contemplates this type of need. Furthermore, although the provisions at issue may have been in Wal-Mart's previous leases, Dr. Haines acknowledged that she was uncertain as to whether they would be included in subsequent agreements, and whether or not the provisions are contained in other optometrists' leases is not pertinent to Dr. Haines' particular circumstances.
Accordingly, because the Board should have declined to issue a declaratory statement in this case, the Final Order is REVERSED.
KAHN, C.J., and POLSTON, J., concur.