955 So.2d 1173 (2007)
ADVENTIST HEALTH SYSTEM/SUNBELT, INC., Appellant,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
No. 1D06-3767.
District Court of Appeal of Florida, First District.
April 30, 2007.
*1174 Bruce J. Berman and Michael G. Austin of McDermott Will & Emery, LLP, Miami, for Appellant.
*1175 Tracy Lee Cooper, Assistant General Counsel, Agency for Health Care Administration, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Adventist Health System/Sunbelt, Inc., appeals the Final Order of the Agency for Health Care Administration ("AHCA") denying a request for a declaratory statement. Appellant contends that AHCA erred when it refused to issue a declaratory statement on the ground that the issue raised by Appellant was purely hypothetical and Appellant was therefore not substantially affected. We conclude that Appellant is substantially affected and AHCA has the authority to render the requested declaratory statement. Therefore, we reverse and remand for further proceedings.
According to the petition for declaratory statement, Appellant is "a licensee under Chapter 395, Florida Statutes, [which] offers an integrated health care delivery system through affiliated hospitals, nursing homes, home health agencies and physician office practices." Appellant was interested in forming and owning, in significant part, a multi-specialty group practice that would provide patients with an integrated and multi-disciplinary approach to diagnosis and treatment of cancer in central Florida (the "Oncology Group" or "Group"). Because of the proposed business structure and ownership arrangement of the Oncology Group, Appellant determined there was a substantial risk, under Florida's Patient Self-Referral Act of 1992, section 456.053, Florida Statutes (2005), that it would be statutorily prohibited from billing for radiation therapy services furnished to certain patients of the Group. Thus, Appellant filed a petition for declaratory statement[1] requesting that AHCA address the ability of the proposed Oncology Group to bill for medical services under section 456.053. Subsequently, in response to a request from AHCA, Appellant filed a supplement to its petition to further clarify the factual scenario presented.[2] On June 23, 2006, without conducting a hearing, AHCA issued its Final Order denying Appellant's petition on the following grounds:
1. Petitioner's Petition consists of a hypothetical scenario which has not yet occurred. Therefore, Petitioner is not substantially affected.
. . . .
2. In the instant case, Petitioner's described set of circumstances are purely hypothetical, having not yet taken place. Petitioner acknowledges this, stating that it is interested in forming and owning, in large part, the Oncology Group, and that if it were formed, Petitioner would have a significant interest and would be at risk of being prohibited from billing for radiation services rendered. Because the circumstances Petitioner predicts have not yet occurred, *1176 and may never occur, Petitioner cannot demonstrate that it will be substantially affected should the declaratory statement not issue. Therefore, Petitioner lacks standing to bring the Petition.
This appeal followed.
Generally, an appellate court may reverse an agency's declaratory statement only if the agency's interpretation of a statute is clearly erroneous. See Regal Kitchens, Inc. v. Fla. Dep't Revenue, 641 So.2d 158, 162 (Fla. 1st DCA 1994). In this case, however, the agency concluded as a matter of law that Appellant did not have standing to seek a declaratory judgment. "Whether a party has standing to bring an action is a question of law that is to be reviewed de novo." See Mid-Chattahoochee River Users v. Fla. Dep't of Envtl. Prot., 948 So.2d 794, 796 (Fla. 1st DCA 2006)
"The purpose of a declaratory statement is to address the applicability of a statutory provision or an order or rule of the agency in particular circumstances." Chiles v. Div. of Elections, 711 So.2d 151, 154 (Fla. 1st DCA 1998). Florida courts have repeatedly noted that one of the benefits of a declaratory statement is to "avoid costly administrative litigation by selecting the proper course of action in advance." See id.; Nat'l Ass'n of Optometrists & Opticians v. Fla. Dep't of Health, 922 So.2d 1060, 1062 (Fla. 1st DCA 2006). Thus, a party should seek a declaratory statement from the agency "in advance" of selecting and taking a course of action. See Novick v. Dep't of Health, Bd. of Med., 816 So.2d 1237, 1240 (Fla. 5th DCA 2002) ("The purpose of a declaratory statement is to allow a petitioner to select a proper course of action in advance."); Fla. Dep't of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering v. Inv. Corp. of Palm Beach, 747 So.2d 374, 382 (Fla.1999). In fact, a declaratory statement is not available when seeking approval of acts which have already occurred. See Novick, 816 So.2d at 1240.
Here, Appellant requested a declaratory statement in order to determine the applicability of certain sections of Florida's Patient Self-Referral Act to the Oncology Group it planned to create. If certain provisions of the Act applied to the Group, Appellant would be prohibited from billing for radiation therapy services furnished to many patients. The fact that Appellant had yet to form the Oncology Group does not mean that Appellant is not a substantially affected party. Appellant (or a controlled affiliate) would be a member of the Group with a significant ownership interest. Appellant would be substantially affected by a decision on whether it could bill for radiation services provided to certain patients. Thus, a declaratory statement will allow Appellant to plan its future conduct regarding the formation of the Group. This is precisely the type of situation for which the declaratory statement was designed. See Fla. Dep't of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering, 747 So.2d at 382 ("`[T]he purposes of the declaratory statement procedure are to enable members of the public to definitively resolve ambiguities of law arising in the conduct of their daily affairs or in the planning of their future affairs.'") (emphasis added) (quoting Patricia A. Dore, Access to Florida Administrative Proceedings, 13 Fla. St. U.L.Rev. 965, 1052 (1986)). Thus, AHCA erred when it refused to issue a declaratory statement on the grounds that the issue raised by Appellant was "purely hypothetical" and Appellant was not substantially affected.[3]
*1177 AHCA argues for the first time on appeal that the Department of Health is the only governmental agency with the authority to enter a binding declaratory statement regarding the application of section 456.053. However, section 456.053(5)(b)4, states:
Each board and, in the case of hospitals, the Agency for Health Care Administration, shall encourage the use by licensees of the declaratory statement procedure to determine the applicability of this section or any rule adopted pursuant to this section as it applies solely to the licensee. Boards shall submit to the Agency for Health Care Administration the name of any entity in which a provider investment interest has been approved pursuant to this section, and the Agency for Health Care Administration shall adopt rules providing for periodic quality assurance and utilization review of such entities.
§ 456.053(5)(b)4, Fla. Stat. (2005) (emphasis added).
Appellant contends, and AHCA does not dispute, that Appellant is a licensee under chapter 395, which concerns the regulation of hospitals and other licensed facilities by AHCA. See generally Chapter 395, Fla. Stat. (2005). Section 456.053(5)(b)4 specifically states that in the case of "hospitals," AHCA shall encourage the use of declaratory statements regarding the applicability of section 456.053. Appellant provides care through a number of resources, including affiliated hospitals, and it is a direct licensee of AHCA. Because AHCA administers hospitals and facilities under chapter 395, and it is not disputed that Appellant is a licensee under that chapter, AHCA is the agency given the statutory authority to regulate Appellant. Further, AHCA has a number of responsibilities under the Florida Patient Self-Referral Act, indicating that AHCA has the authority to interpret that Act and issue declaratory statements regarding the Act. See, e.g., §§ 456.053(4)(a)6, (4)(c), (4)(a)5, (5)(g), Fla. Stat. (2005). Our conclusion that AHCA has authority to render a declaratory statement is bolstered by the fact that AHCA never asserted in the proceedings below that it did not have the authority to issue the requested declaratory statement. In fact, AHCA acted at all times as if it did have such authority, and at least twice requested additional information from Appellant in order to render the declaratory statement.
The Final Order denying the petition for declaratory statement therefore is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED for further proceedings.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.
NOTES
[1] Section 120.565(1), Florida Statutes (2005), contains the following provision regarding the right of a party to seek a declaratory judgment from an agency:

(1) Any substantially affected person may seek a declaratory statement regarding an agency's opinion as to the applicability of a statutory provision, or of any rule or order of the agency, as it applies to the petitioner's particular set of circumstances.
(2) The petition seeking a declaratory statement shall state with particularity the petitioner's set of circumstances and shall specify the statutory provision, rule, or order that the petitioner believes may apply to the set of circumstances.
(Emphasis added).
[2] The supplemental petition provided additional facts regarding: (i) the physician-patient relationship, (ii) the billing procedures, and (iii) any financial relationships between the Group and referring physicians.
[3] To the extent the agency did not have enough facts to make a decision, it could have requested those facts from Appellant, as it did on at least two occasions in this case; it also could have held a hearing to determine those facts. See Fla. Admin. Code R. 28-105.003 ("The agency may hold a hearing to consider the petition for declaratory statement.").