DAMOORGIAN, J.
We affirm the order of the Department of Business and Professional Regulation, Division of Florida Land Sales, Condominiums, and Mobile Homes (the “DBPR”) denying Patrick J. Carr’s petition for a declaratory statement.
*404 Carr is a unit owner and member in the Harbor Village Condominium Association, one of seven condominium associations in the Old Port Cove community. Old Port Cove Property Owners Association (the “POA”) is the master condominium association in the Old Port Cove community.
Carr petitioned the DBPR for a declaratory statement on the issue of whether the POA may engage in lobbying the Florida Legislature to amend the Florida Condominium Act, directly or indirectly through an organization of condominium associations, for a fee or at no cost. Through his petition, Carr sought interpretation of chapter 718, Florida Statutes (2006), which defines the statutory powers and duties of a condominium association. The POA intervened in the proceedings before the DBPR, arguing that the First Amendment to the United States Constitution, as applied to the states through the Due Process Clause, gives it the right to engage in lobbying activity. It also argued that its governing documents permit it to lobby the Florida Legislature.
The DBPR denied Carr’s petition, stating that the petition sought interpretation of provisions of the POA’s governing documents and interpretation of a constitutional provision as applied to the facts of the case, both of which are not approved functions of the DBPR. In addition, the DBPR denied the petition because it involved a disputed issue of material fact concerning the POA’s membership in a lobbying organization.
Carr argues that the DBPR erred in denying his petition for a declaratory statement because the constitutional issue, contract interpretation issue, and factual dispute all arose from the POA’s response to his petition. He asserts that the DBPR should merely answer the questions in his petition as they relate to chapter 718, Florida Statutes (2006), ignoring all of the issues raised by the POA.
Section 120.565, Florida Statutes (2006) governs the right to seek a declaratory statement under the Administrative Procedure Act, explaining that “[a]ny substantially affected person may seek a declaratory statement regarding an agency’s opinion as to the applicability of a statutory provision, or of any rule or order of the agency, as it applies to the petitioner’s particular set of circumstances.” § 120.565(1), Fla. Stat. (2006). The DBPR’s authority to issue declaratory statements is limited as follows:
A declaratory statement is a means for resolving a controversy or answering questions or doubts concerning the applicability of statutory provisions, rules or orders over which the agency has authority. A petition for declaratory statement may be used to resolve questions or doubts as to how the statutes, rules, or orders may apply to the petitioner’s particular circumstances. A declaratory statement is not the appropriate means for determining the conduct of another person.
Fla. Admin. Code R. 28-105.001 (2007). Thus, the purpose of a declaratory statement is to answer the petitioner’s questions about how the statutes or rules apply to his own circumstances so that he may select a proper course of action. Fla. Admin. Practice § 2.41, at 2-48 (2004).
In addition to the abovementioned limitations, a declaratory statement may not be used to decide constitutional issues. Myers v. Hawkins, 362 So.2d 926, 928 (Fla.1978) (noting that a declaratory statement is not the appropriate mechanism to interpret a constitutional provision); PPI, Inc. v. Fla. Dep’t of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering, 917 So.2d 1020, 1022 (Fla. 1st DCA 2006) (stating that “section 120.565(1) does not au *405 thorize an agency to construe a constitutional amendment”).
The DBPR did not err in denying Carr’s petition for a declaratory statement. The questions Carr raised in his petition implicate the issue of whether the POA has the right, under the First Amendment to the United States Constitution, to engage in lobbying, and the DBPR is not authorized to resolve this issue. See id. Moreover, if the DBPR were to ignore this constitutional issue, as Carr would have it do, it would not be able to provide Carr and the POA with a proper interpretation of chapter 718, Florida Statutes (2006). See generally Firestone v. News-Press Publ’n Co., 538 So.2d 457, 459 (Fla.1989) (“Whenever possible, a statute should be construed so as not to conflict with the constitution.”). This would undermine the purpose of a declaratory statement — to aid the petitioner in selecting a course of action in accordance with the proper interpretation and application of the statute. See Fla. Admin. Practice § 2.41, at 2-48 (2004).
A declaratory statement by the DBPR is not the appropriate way to deal with the issues raised in Carr’s petition. Accordingly, we affirm.

Affirmed.

GROSS, C.J., concurs.
FARMER, J., concurs specially with opinion.