# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2255
Lower Tribunal Nos. DBPR: 2016-014603, DS 2016-020
_____

**West Flagler Associates, Ltd.,**
Appellant/Cross-Appellee,

vs.

**The State of Florida, Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering,**
Appellee,

and

**Hartman and Tyner, Inc., and H & T Gaming, Inc.,**
Appellees/Cross-Appellants.

An Appeal from the Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering.

Akerman LLP and Katherine E. Giddings and Kristen M. Fiore (Tallahassee), and Gerald B. Cope, Jr., and Tamara S. Malvin (Fort Lauderdale), for Appellant/Cross-Appellee.

Jason Maine, General Counsel, and Chevonne Christian, Assistant General Counsel, and Dwight O. Slater, Chief Appellate Counsel (Tallahassee), for

appellee Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering.

Rutledge Ecenia and J. Stephen Menton and Gary R. Rutledge and Tana D. Storey and Gabe F.V. Warren (Tallahassee), for appellees/cross-appellants Hartman and Tyner, Inc. and H & T Gaming, Inc.

Before ROTHENBERG, SALTER and FERNANDEZ, JJ.

SALTER, J.

West Flagler Associates, Ltd. ("West Flagler"), appeals an order of the Department of Business and Professional Regulation's Division of Pari-Mutuel Wagering ("DPMW") concluding that DPMW was "unable to answer" West Flagler's amended petition for a declaratory statement.[1] Two entities which sought leave to intervene in the administrative proceeding (Hartman and Tyner, Inc., and H&T Gaming Inc.)[2] cross-appeal DPMW's denial of their motion to intervene as moot.

We reverse and remand DPMW's order with directions to consider and rule upon both West Flagler's amended petition and the cross-appellants' motion to intervene. We decline West Flagler's request to render a "complete determination"

---

[1] § 120.565, Fla. Stat. (2016).

[2] Hartman and Tyner, Inc., holds a pari-mutuel wagering permit to conduct greyhound racing and inter-track wagering, and is licensed to operate a cardroom and slot machines, at the Mardi Gras Casino and Racetrack in Broward County, Florida. H&T Gaming, Inc., holds a pari-mutuel permit and license to conduct greyhound racing at Mardi Gras Casino & Racetrack in Miami-Dade County, Florida.

(Florida Rule of Appellate Procedure 9.040(a)) of the legal issues in West Flagler's amended petition.

Background and Procedural History

West Flagler holds a pari-mutuel permit to conduct greyhound racing in Miami-Dade County. Under a separate license, West Flagler also operates slot machine gaming in the County. The greyhound racing facility, known as Magic City Casino, qualified as an "eligible facility" for the slot machine gaming under the 2004 Florida constitutional amendment authorizing slot machines, article X, section 23, and the legislation implementing the amendment, section 551.102(4), Florida Statutes (2016).

West Flagler also holds a pari-mutuel permit to operate a jai alai fronton in Miami-Dade County. Before implementing a business plan to substitute jai alai operations for the greyhound racing at the Magic City Casino facility, West Flagler sought a declaratory statement from DPMW that the jai alai facility would remain qualified as an "eligible facility" for slot machine operations. In its amended petition to DPMW, West Flagler inquired:

> Question 1: Whether West Flagler's facility located at 450 NW 37th Avenue, Miami, Florida, 33126, must continue to run the same type of racing or gaming that first qualified the facility to become an "eligible facility" pursuant to section 551.102(4), Florida Statutes.
>
> Question 2: Whether, pursuant [to] section 551.102(4), Florida Statutes, West Flagler may discontinue the operation of greyhound races and instead operate a full schedule of jai alai performances in

3

order to maintain its "eligible facility" status to continue to conduct slot machine operations.

The cross-appellants, essentially competitors through their Mardi Gras Casino and Racetrack entities, sought leave to intervene in opposition to West Flagler's amended petition. West Flagler opposed the motion to intervene.

DPMW then issued its "Order Declining Petition for Declaratory Statement," concluding that it could not "define certain undefined terms used in both Art. X, sect. 23(a) of the Florida Constitution and in section 551.102(4), Florida Statutes." Citing cases such as PPI v. Florida. Department of Business & Professional Regulation, Division of Pari-Mutuel Wagering, 917 So. 2d 1020 (Fla. 1st DCA 2006), the Order determined that DPMW could not interpret constitutional language and issues and that it was "unable to answer the questions posed in the Petition." The Order denied the Mardi Gras entities' motion to intervene as moot. This appeal and cross-appeal followed.

Analysis

The controlling question—whether the amended petition required an interpretation of the constitutional amendment as opposed to an interpretation of the implementing statutory and rule provisions—is an issue of law which we review de novo. Adventist Health Sys./Sunbelt, Inc. v. Agency for Health Care Admin., 955 So. 2d 1173 (Fla. 1st DCA 2007). Declaratory statements permit parties to "avoid costly administrative litigation by selecting the proper course of

4

action in advance." Id. at 1176 (quoting Chiles v. Dep't of State, Div. of Elections, 711 So. 2d 151, 154 (Fla. 1st DCA 1998)).

DPMW acknowledges that it would have to decide the questions presented by West Flagler if the issues were presented in a license application. §§ 551.105(1), (3), Fla. Stat. (2016). In the present case, DPMW need not interpret or apply a constitutional provision. The constitutional amendment itself provided authority to the Florida Legislature to adopt legislation implementing the amendment and to authorize agency rules for implementation. Art. X, § 23(b), Fla. Const. The Legislature did precisely that, enacting the statutory provisions regulating slot machines in Chapter 551, Florida Statutes (2016), and directing DPMW to adopt "all rules necessary to implement, administer, and regulate slot machine gaming as authorized in this chapter." § 551.103(1), Fla. Stat. (2016).

Florida's Administrative Procedure Act, chapter 120, Florida Statutes (2016), expressly authorizes state agencies such as DPMW to issue declaratory statements "regarding an agency's opinion as to the applicability of a statutory provision, or of any rule or order of the agency, as it applies to the petitioner's particular set of circumstances." § 120.565(1). The fact that the constitutional amendment also contains terms (such as "eligible facility") that are found within the implementing legislation or agency rules is not a legal basis for the DPMW to shirk its statutory duty.

5

West Flagler asks us to short-circuit DPMW by deciding the declaratory statement issues here as part of our jurisdiction to provide "a complete determination of the cause." Fla. R. App. P. 9.040(a). We decline to do so, however, as a matter of judicial restraint and based on the statutory remedies afforded an appellant upon judicial review of final agency action. Under section 120.68(7)(c), Florida Statutes, (2016), the appellate court "shall remand a case to the agency for further proceedings" when the correctness of the agency's action "may have been impaired by a material error in procedure or a failure to follow prescribed procedure."

In the present case, DPMW denied the petition as a preliminary procedural matter and never reached the merits or substance of the legal issues presented in West Flagler's amended petition. Similarly, DPMW denied as moot the motion to intervene filed by the cross-appellants without ruling on the issues presented by the motion. We thus remand the case to DPMW to consider and decide the issues presented in the amended petition and in the motion to intervene.

Reversed and remanded for further proceedings in accordance with this opinion.